[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10984
Non-Argument Calendar
_____

D.C. Docket No. 0:15-cr-60142-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LUCA PIZZINGRILLI,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 11, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Luca Pizzingrilli appeals his 70-month sentence after pleading guilty to conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) (Count 2) and to aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 3). Mr. Pizzingrilli argues that the district court imposed a substantively unreasonable sentence as to Count 2 because it ignored his argument that the loss for which he was held responsible overstated the amount of loss directly attributable to him. Upon review of the record and consideration of the parties' briefs, we affirm.

**I**

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

Mr. Pizzingrilli engaged in a scheme to commit a practice commonly known as "ATM skimming" with five other individuals. The scheme involved placing a device over or inside an ATM card slot to read and store the card numbers of ATM customers. The conspirators also mounted a concealed camera on the ATM to obtain the personal identification number corresponding to the customer's card. Using this information, the conspirators electronically re-coded the card numbers onto blank plastic cards or gift cards and used the cards to make withdrawals from the customers' bank accounts.

The PSI held Mr. Pizzingrilli responsible for all of the bank accounts involved in the scheme, totaling 1,275 skimmed accounts. The conspirators used 326 of those accounts, resulting in an actual loss of $233,802. The remaining 942 accounts that were skimmed, but not used, resulted in an intended loss calculation of $474,500.[1] Taking into account the actual and intended loss, the PSI assigned a total loss of $708,302.

As to Count 2, the PSI recommended a total offense level of 23 and a criminal history category of I, resulting in an advisory guideline range of 46 to 57 months' imprisonment. This guideline range included a 14-level enhancement under U.S.S.G. § 2B1.1(b)(1)(H) for a total loss amount of more than $550,000 but not more than $1,500,000. Count 3 carried a mandatory consecutive 24-month term of imprisonment. *See* 18 U.S.C. § 1028A.

Mr. Pizzingrilli requested a downward variance from the advisory guideline range as to Count 2. The district court denied this request and sentenced Mr. Pizzingrilli to 46 months' imprisonment on Count 2, followed by the mandatory 24-month consecutive term of imprisonment on Count 3.

## II

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 41 (2007). Mr. Pizzingrilli, as

---

[1] The PSI assigned a $500 intended loss per unused account pursuant to U.S.S.G. § 2B1.1.

the party challenging the sentence, has the burden of demonstrating that it is unreasonable in light of the record and the factors enumerated in 18 U.S.C. § 3553(a). *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Under our deferential standard of review, "we are to vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks and citation omitted).

We examine whether a sentence is substantively reasonable in light of the totality of the circumstances. *See Gall*, 552 U.S. at 51. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. The court must also consider the need to avoid unwarranted sentencing

4

disparities. *See* § 3553(a)(6). The fact that a sentence is within the advisory guideline range and well below the statutory maximum are both factors indicative of reasonableness. *See United States v. Cubero*, 754 F.3d 888, 898 (11th Cir. 2014).

## III

The sentence on Count 2 falls at the low end of the advisory guideline range and is well below the statutory 60-month maximum. *See Cubero*, 754 F.3d at 898. Mr. Pizzingrilli has failed to demonstrate that this sentence was substantively unreasonable in light of the record and the § 3553(a) factors. During sentencing, the district court weighed the nature and circumstances of the crime, including the sophisticated nature of the scheme to steal credit card information from ATMs. The court considered Mr. Pizzingrilli's background and history, including his expression of remorse, his upbringing, and his mother's testimony. The court weighed the need to deter Mr. Pizzingrilli and others from such criminal activity and to promote respect for the law.

As for Mr. Pizzingrilli's claim that the district court failed to consider that the actual loss was far less than the intended loss, we are not persuaded. The district court need not state that it "considered the evidence and argument or why [it] rejected the arguments for a variance"—it is "enough that the 'context and record' indicated the reasoning behind [its] conclusion." *Irey*, 612 F.3d at 1195

(citing *Rita v. United States*, 551 U.S. 338, 359 (2007)). Indeed, we have never required that a sentencing court "articulate [its] findings and reasoning with great detail or in any detail for that matter." *Id.* (citations omitted).

At sentencing, the district court engaged in extensive dialogue regarding actual and intended loss. Mr. Pizzingrilli's counsel argued that, because Mr. Pizzingrilli was being held responsible for the conduct of his co-conspirators, the total amount of loss overstated the loss directly attributable to him. Specifically, he argued that, as stated in the factual proffer, the amount of loss directly attributable to him was $145,620. Yet he was being held accountable for a loss of $708,302, resulting in a six-level increase in his guidelines score. *See* D.E. 33 at 10–11. He conceded that, legally, he "ha[d] to be [held] responsible" and that he knew "what was going on[,]" but maintained that the amount of loss was exaggerated and asked the court to consider a lower guideline range more reflective of his conduct. *Id.* at 13.

In response, the district court cited the multiple skimming events Mr. Pizzingrilli participated in across several states and noted that he seemed "thoroughly involved in the conspiracy." *Id.* After announcing its sentence, the district court specifically recognized that conspiracy "is a really dangerous crime" because a conspirator like Mr. Pizzingrilli can be held liable not only for his own conduct but also for the conduct of others. *Id.* at 33.

The district court did not, as Mr. Pizzingrilli argues, ignore his argument. Indeed, the record reflects that it considered all relevant factors as to the conspiracy and the effects of the intended loss calculation.

## IV

Mr. Pizzingrilli has not demonstrated that his 70-month sentence was substantively unreasonable in light of the record and the § 3553(a) factors.

**AFFIRMED.**